
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEBORAH DIANE FLETCHER | * |
| Plaintiff | * |
| v | * Civil Action Case No. JFM-13-2943 |
| PARKWAY REGIONAL MEDICAL CENTER<br>JACKSON NORTH MEDICAL CENTER | * |
| | * |
| Defendants | |

\*\*\*

### ORDER

On October 7, 2013, self-represented plaintiff Deborah Fletcher, a resident of Baltimore, Maryland, filed the instant action alleging both federal question and diversity jurisdiction. She states that on March 15, 2002, while living in Miami, Florida, she became ill and was taken to a mental hospital. She believes she was kidnapped and has no recollection of what occurred during roughly six hours while held at the hospital. She does not indicate which of the two hospitals named in her complaint is responsible for the alleged kidnapping. Plaintiff, who indicates this is a medical malpractice case, seeks $5,000,000 in money damages and requests leave to proceed in forma pauperis.

This court is a court of limited original jurisdiction. It does not sit to review every claim related to state tort claims such as medical malpractice or tortious conduct involving non-federal parties.[1] It only has authority to review such claims if the claims are sufficient to establish federal diversity of citizenship jurisdiction. When a party seeks to invoke diversity jurisdiction under § 1332, she bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160

---

[1] This court does not have original subject matter jurisdiction over such disputes. Further, there are no facts to suggest a federal question is presented pursuant to 28 U.S.C. § 1331.

(2d Cir. 1998). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989); *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Plaintiff is a Maryland resident and the defendants provide medical services in Florida. Diversity jurisdiction also requires that the controversy involve a minimum amount of damages. This requirement also appears to be met. *See* 28 U.S.C. 28 U.S.C. § 1332(a).

The incident as alleged in the complaint occurred more than eleven years ago and is time-barred. Even a liberal reading of the complaint fails to state a claim of medical malpractice. Accordingly, the lawsuit must be dismissed.

For these reasons, it is this ___ day of _____, 2013, by the United States District Court for the District of Maryland, hereby ORDERED:

1. The motion to proceed in forma pauperis (ECF No. 2) IS GRANTED;

2. The case IS DISMISSED;

3. The case IS CLOSED; and

4. The Clerk SHALL MAIL a copy of this order to plaintiff.

J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2013 OCT 15 P 12: 09
CLERK'S OFFICE
AT BALTIMORE
BY _____ DEPUTY